[No. 35612.   Department Two.   December 22, 1960.]

THE STATE OF WASHINGTON, *Appellant,* v. MOTOR FREIGHT TERMINALS, INC. *et al., Respondents.*[1]

[1]Reported in 357 P. (2d) 861.

*The Attorney General* and *Thomas J. Greenan, Assistant,* for appellant.

*Ralph B. Potts,* for respondents.

HILL, J.—This is a condemnation proceeding. The state appeals from a judgment of $45,000 for five unimproved city lots, containing 30,000 square feet, required for a "freeway."

The state's witness placed a value of $3,500 on the tract, based on the fact that under the zoning ordinance it could be used only for single family residences on a minimum of 5,000 square feet.

■ It is conceded that the rule is: that in condemnation proceedings the values of property are limited to the uses for which it is available under the existing zoning regulations.

There is, however, an exception to that rule, *i.e.,* when a particular use of the property, to which it is adapted, is prohibited or restricted by law, but there is a reasonable probability that the prohibition or restriction will be modified or removed in the near future, the effect of such probability upon the value of the property may be taken into consideration. *Long Beach City High School Dist. v. Stewart* (1947), 30 Cal. (2d) 763, 185 P. (2d) 585, 173 A. L. R. 249. See Annotation 173 A. L. R. 265 "Zoning or other governmental regulations as to use of property as a factor in determination of damages in eminent domain"; see, also, 4 Nichols on Eminent Domain (3d ed.), § 12.322; 1 Orgel on Valuation Under Eminent Domain (2d ed.), § 34.

It was agreed, by all of the witnesses, that the highest and best use of the tract with which we are concerned was for commercial or industrial purposes. The state's witness who appraised the property at $3,500 for residential purposes, conceded that its value would be $33,900 if zoned for in-

dustrial usage; other witnesses fixed values running up to $60,000, taking into account the probability of such a rezoning.

As indicated, both parties were agreed as to the law. The trial court found that the exception to the rule was applicable and concluded from all of the evidence that— absent a "freeway"—there was a reasonable probability that the city council would rezone the tract and give it an industrial classification which was its highest and best use.

The trial court made a finding,

". . . that it has no residential value whatever. That there are no schools, churches in the area, and that the residential use is largely limited to a few shacks on the side of the hill. That this area is isolated from the true residential district which is on top of Beacon Hill to the East of Respondents' property a considerable distance."

The trial court found that, taking into consideration the probability of rezoning, the present fair market value of the tract was $45,000 and entered judgment accordingly.

The state's position on this appeal is that, by reason of the zoning, the property is available only for single family residences and for that purpose has a value of $3,500; that there is no evidence to support the trial court's finding that there is a reasonable probability (absent the "freeway") the property would be rezoned and the restriction on industrial use removed.

■ It is true that the property will never be rezoned inasmuch as it is being taken for a "freeway." It is true that the members of the city council did not testify as to what they would "probably" do about a rezoning, if there were no "freeway" involved. But it is not true, as the state seems to believe, that such evidence is necessary to prove that there is a reasonable probability that property would be rezoned in the near future (absent the improvement for which the property is being condemned).

■ A finding or conclusion that such a reasonable probability exists will be upheld when, as here, it is established that comparatively level property at the toe of a hill has nothing but industrial property in front of it (west) and

nothing but a high hill behind it (east); that along the partially opened street in front of it there is a railroad spur track in active use, and across that street a large auto freight transport depot (with eight other auto freight concerns within 2,400 feet); that just south of it and across the street is a brick building used by a tannery and hide concern; that the property is adapted to similar industrial uses; that it is isolated from any established residential district and there are no schools or churches in the area; and that there is a lack of desirability for the property for the purpose for which it is presently zoned. (This last statement is supported by the state's own expert who testified, "There hasn't been more than a half a dozen sales of vacant property in the past four or five years, indicating a relatively low land value and a lack of desirability for the property for single family zoning.")

The trial court was of the opinion that a refusal to rezone, under such circumstances, would be "arbitrary & capricious," and "outrageous."

■ The state has construed these statements to be a collateral attack upon the present zoning ordinance and argues that the ordinance cannot be so attacked in this proceeding. The state misconceives the thrust of the trial court's statement. There is no collateral attack upon the zoning ordinance. If, considering all of the evidence, the present zoning is arbitrary, capricious, and outrageous, a trial court has a right to assume not the certainty, but the "reasonable probability" that a responsible governing body will do what reason and common sense dictate should be done. As one witness put it, the possibility that there would be no rezoning of the subject property was a "minor risk."

The trial court did not err in determining that (absent the "freeway") there was a reasonable probability that the restriction on the tract in question would be removed in the near future; and, consequently, did not err in taking into consideration the effect of such a probability upon the value of the tract with which we are here concerned. Indeed it is "assumed the court, sitting without a jury, took

into consideration all such possibilities in rendering its award." *Beverly Hills v. Anger* (1932), 127 Cal. App. 223, 231, 15 P. (2d) 867.

The judgment is affirmed.

WEAVER, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.

[1]Reported in 357 P. (2d) 863.