No. 20,183.

CITY AND COUNTY OF DENVER, ETC., *v.*
HUGH I. SMITH, ET AL.
(381 P. [2d] 269)

Decided May 6, 1963.

Mr. GLENN G. SAUNDERS, Mr. EUGENE P. HELFER, for plaintiff in error City and County of Denver.

Mr. JOHN B. BARNARD, JR., for defendants in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

THIS is an eminent domain proceeding wherein the City and County of Denver, acting through and for the use of its Board of Water Commissioners, and hereinafter referred to as the petitioner, sought to condemn two parcels of land containing in the aggregate about 20.8 acres belonging to Hugh and Etta Smith, hereinafter referred to as the respondents, said land to be used in the "construction, operation and formation" by the petitioner of a dam and reservoir near Dillon.

By stipulation the petitioner obtained immediate possession of the aforementioned property on January 16, 1961, the respondents specifically reserving the right to have the amount of compensation to be paid them in exchange for the land to be later determined by a jury, or otherwise.

After a four and one-half day trial a jury on November 4, 1961, found that the value of the land and property actually taken was $50,000, that the damage to respondents' land not taken was $4,770 and that there was no benefit whatsoever to this residue. Motion for new trial was denied, whereupon the trial court entered a judgment conforming in all particulars to the verdict of the jury. The petitioner is here by writ of error seeking reversal of this judgment.

The dominant question posed by this writ of error is as follows: When, at the time of trial, because of the announcement or the construction of a public improvement there has been an enhancement of surrounding property values, should such enhancement be taken into account in determining the fair market value of property taken in its entirety for the public improvement?

■ This question is identical with that raised in *Williams v. City & County of Denver,* 147 Colo. 195, 363 P. (2d) 171, where it was declared that the property owner is not entitled to such enhancement. Notwithstanding this pronouncement, the trial court in the instant case refused to allow petitioner to make any inquiry into the issue of enhancement or no enhancement. In so doing the court was in error.

More particularly, petitioner urges that the trial court erroneously precluded it from:

1. attempting to elicit from certain of the respondents' witnesses on cross-examination that the figure they testified to as being the fair market value of the subject property did in fact include an enhancement or increment in value directly attributable to the announcement and initiation of the construction of the Dillon dam and reservoir, and from

2. attempting to establish by its own witnesses the *true* fair market value of the subject property, independent of any enhancement which petitioner contended by way of an offer of proof was of considerable proportions and directly attributable to the announcement and initiation of construction of said public improvement.

■ Petitioner further contends that if successful in its efforts to establish that in fact there was such an enhancement in value of the subject property, then it would be entitled to an appropriate instruction directing the jury not to consider such factor in determining the fair market value of the land taken.

With petitioner's several contentions we are in complete agreement. Quite clearly, the rule announced in *Williams v. Denver,* supra, was not given proper recognition by the trial court in its various evidentiary rulings.

In reply to respondents' suggestion that the petitioner failed to "lay a proper foundation" to justify inquiry along the lines indicated, it is sufficient to observe that the aforementioned rulings of the trial court effectively

precluded the petitioner from even the opportunity to do so.

Nor are we impressed with respondents' further suggestion that the enhancement in value referred to in the *Williams* case is limited to enhancement occurring *after* immediate possession has been obtained by the condemning agency. Though such was the case there, a careful reading of the opinion clearly discloses that this fact was not deemed significant and certainly was not the basis of the ruling.

■ No good purpose would be served by further discussion of the point. We can do no more than to announce adherence to *Williams v. Denver,* supra, and in so doing reaffirm the following language contained therein:

" . . . However, to say that value is to be fixed at the time of trial does not mean . . . that the court must give consideration to enhancement resulting from construction or proposed construction of public improvements on the property subject to condemnation . . . just compensation cannot include any increment arising from the very fact of acquisition of the subject property . . . There are, of course, exceptional situations where the court will and must admit evidence of enhancement resulting from the acquisition. They include cases where the location of the proposed project is indefinite or where there is a supplemental taking. However, there is nothing in the record to bring this case within any of the recognized exceptions to the rule."

See, also, Nichols on Eminent Domain, 3rd edition, vol. 4, section 12.3151, pp. 201-211.

The judgment is reversed and the cause remanded for a new trial on all issues consonant with the views expressed herein.

MR. JUSTICE SUTTON and MR. JUSTICE DAY not participating.