[No. 40685. Department Two. October 9, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. ALBERT KRUGER et al., *Petitioners*.*

*Bell, Ingram, Smith, Johnson & Level,* by *Edward E. Level,* for petitioners.

*The Attorney General* and *Theodore O. Torve, Assistant,* for respondent.

HILL, J.—This is a review by certiorari of an order of the Superior Court for Snohomish County granting a new trial in a condemnation proceeding after a jury verdict of $60,300 for the property owners, Albert Kruger and Erna Kruger, his wife.

In the condemnation proceedings, the State of Washington was the petitioner and the property owners were the respondents. On the application for a writ of certiorari, the property owners were the petitioners and the state was the respondent. In this opinion, to avoid confusion, we shall refer to the parties as the state and the Krugers.

The Krugers own a wooded tract with a frontage of 160 feet on the west side of Broadway in Everett. The depth of the tract is 350 feet (56,000 square feet). They built their home[1] on the northeast portion of the tract. The entire tract

*Reported in 459 P.2d 648.

---

[1] A very attractive one story, three-bedroom house.

was zoned R-1 (single residence). Their expert real-estate appraiser testified that the highest and best use of the tract would be to use a portion 80 x 150 feet (12,000 square feet) for its present use as a single family residence and to use the rest of the tract (44,000 square feet) "for some sort of multiple dwelling," which would require a rezoning to R-3. He testified that his valuation of $60,300[2] was based on its present valuation, taking into account the probability of such a rezoning.

To support his testimony as to the probability of a rezoning, he pointed out the proximity of the Kruger property to an existing interchange involving Interstate Highway 5 and State Highway 2-J, the Bothell-Everett Highway, which has become a major traffic flow point for traffic to and from the new Boeing plant at Paine Field. It is because of this increased traffic flow that the state is constructing a major access road (called the Casino Road Project) between Interstate 5 and Paine Field. It is for this project that the Kruger property is being condemned.

The witness also pointed out that the Kruger property is in something of a pocket. While the area immediately north of it is zoned R-1, it is hemmed in on the south and west by property belonging to a cemetery association, which, although it has not yet been developed for cemetery purposes, is adjacent to a large cemetery. On the east is Broadway, with the property on the east side of that street being zoned to permit use for small businesses—with the freeway still further to the east.

Countering this, it was established that, even though plans for the Casino Road Project were known when Everett adopted its Comprehensive Master Plan in 1967, the Kruger property was zoned R-1, and that the planning commission had established a policy that it would not consider any changes in zoning until after the Casino Road

---

[2]Divided $27,300 on the house and the land on which it was located, and $33,000 for the other 44,000 square feet. Mr. Kruger placed a value of $67,500 on the entire property.

Project had been completed so that the commission could adequately determine the effect of the project.

The trial court, in view of the above testimony and evidence, instructed the jury, *inter alia,* that:

> You are to value the property in view of the uses permitted under the present zoning. However, if you find there is a reasonable probability that the zoning will be changed in the near future, you may consider the effect of such probability on the fair market value of the property.

The state did not except to the instruction, but did except to the failure of the trial court to include the following language in the instruction: "You may not, however, consider any effect on said zoning created by the project for which the property is being acquired."

The jury verdict in favor of the Krugers for $60,300 was in the exact amount of their expert's appraisal. His appraisal, however, was predicated on the probability of a rezoning to R-3 to permit a multiple dwelling or dwellings.

The state moved for a new trial on the grounds that there was insufficient evidence to permit the jury to determine whether there was a reasonable probability for a zoning change, and further that the jury was improperly permitted to consider the probability of a zoning change resulting from the project for which the Krugers' property was being taken. The trial court agreed with these contentions and granted a new trial.

■ Even if we accept the view that there was sufficient evidence to permit the jury to find that there was a reasonable probability of a change in zoning (and thus support the verdict, as in *State v. Motor Freight Terminals, Inc.,* 57 Wn.2d 442, 357 P.2d 861 (1960)), we must, nevertheless, affirm the granting of the motion for a new trial. The reason for reversal being the failure to instruct as requested by the state that in considering the probability of rezoning the jury could not take into consideration the project for which the property was being acquired by the state.

In the *Motor Freight Terminals* case, we recognized an exception to the rule that in condemnation proceedings the values of the property are limited to the uses for which it is available under the existing zoning regulations. That exception was, at 443:

> [W]hen a particular use of the property, to which it is adapted, is prohibited or restricted by law, but there is a reasonable probability that the prohibition or restriction will be modified or removed in the near future, the effect of such probability upon the value of the property may be taken into consideration.

There has developed, however, a generally recognized limitation to that exception which it was not necessary to discuss in the *Motor Freight Terminals* case, and which in fact has received general recognition since our opinion in that case, *i.e.,*

> The probability of rezoning or even an actual change in zoning which results from the fact that the project which is the basis for the taking was impending cannot be taken into account in valuing property in the condemnation proceeding.

This limitation on the exception will be found as stated in 4 Nichols, The Law of Eminent Domain § 12.322(1) at 243 (3d ed. 1962, Supp. 1969). Supporting authorities cited by Nichols are *People ex rel. Dep't of Pub. Works v. Arthofer,* 245 Cal. App. 2d 454, 54 Cal. Rptr. 878 (1966); *Williams v. City & County of Denver,* 147 Colo. 195, 363 P.2d 171 (1961). *See also City & County of Denver v. Smith,* 152 Colo. 227, 381 P.2d 269 (1963).

The state requested the trial court to include this limitation in its instruction and that request should have been granted. Without this limitation the jury could, and we suspect did, take into account the Casino Road Project in determining whether there was a probability of rezoning.

The trial court erred in refusing the limitation proposed by the state, and corrected the error by granting a new trial. The granting of a new trial is affirmed.

HUNTER, C. J., ROSELLINI and HALE, JJ., and DONWORTH, J. Pro Tem., concur.