Argued November 18, 1969, affirmed January 15, 1970

STATE HIGHWAY COMMISSION, *Respondent, v.* OSWALT ET UX, *Appellants.*

463 P. 2d 602

*Francis F. Yunker,* Portland, argued the cause for appellant. With him on the brief was Earl A. Fewless, Portland.

*Ted E. Barbera,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were G. E. Rohde, Assistant Attorney General, Leslie B. Hampton, Assistant Attorney General, and Robert Y. Thornton, Attorney General, Salem.

BRANCHFIELD, J.

This is an appeal by the defendant in a condemnation case from a judgment which awarded him $1969 as the fair cash market value of .6 acres of land condemned by the state.

The defendant's property was acquired in order to build a freeway interchange in connection with the construction of the East Portland Freeway, I-205. At the trial, the state contended that defendant's remaining property would be specially benefited by the highway project in that its highest and best use would be changed from rural residential to commercial property and thereby be enhanced in value. The state introduced the testimony of two expert witnesses, each of whom gave opinions that the highway improvement would change the highest and best use of the remaining land, and that a zone change in this area was probable. These opinions were based in part upon the personal observations and investigations of the witnesses, and in part upon their conversations with the members and staff of the planning commission. The defendant's sole ground of appeal is the failure of the circuit court to sustain his objections to the testimony of the state's

witnesses that a zone change, and special benefit to defendant's remaining property, was probable.

■ The defendant argues that the testimony was improper because it was based on hearsay sources. This contention was discussed at length in *State Highway Com. v. Arnold et al*, 218 Or 43, 341 P2d 1089, 343 P2d 1113 (1959). The court's conclusion is found at page 69 of the opinion:

> "We think that an expert witness' opinion as to value should be received even though it is based in part upon statements or reports of others, as it was in the present case, if the jury is informed of the source and character of the information upon which the witness draws his inferences."

The court in *Arnold* adopted the rationale employed by McCormick on Evidence, page 33, § 15, which indicates that the witness's expertise allows him to consider and evaluate the reliability of the statements made to him, and that if these statements are attested by the expert as the basis of a judgment upon which he would act in the practice of his profession, they should ordinarily be a sufficient basis for a direct expression of his professional opinion. That opinion is reinforced where, as here, it is founded also in part upon the expert's firsthand observation.

In this case the challenged testimony was not admitted as independent substantive evidence, but was an explanation, of the type approved in *Highway Com. v. Parker*, 225 Or 143, 357 P2d 548 (1960), which merely discloses the basis of the expert's opinion. It is admissible on that ground. *Highway Com. v. Morehouse Holding Co.*, 225 Or 62, 357 P2d 266 (1960). See: 5 Nichols on Eminent Domain, 3d ed, § 18.42(1); and Wigmore on Evidence, 3d ed, § 562. The defend-

ant did not attack the witnesses' credentials as experts. They were properly allowed to testify as to the bases of their opinions.

We now turn to the question of whether evidence of the probability of a zone change is admissible as proof of special benefits to the defendant's remaining property. The prevailing rule is stated in *Long Beach City High School Dist. v. Stewart,* 30 Cal2d 763, 185 P2d 585, 588 (1947):

> "* * * In other words, the general rule is that present market value must ordinarily be determined by consideration only of the uses for which the land 'is adapted and for which it is available.' The exception to this general rule is that if the land is not presently available for a particular use by reason of a zoning ordinance or other restriction imposed by law, but the evidence tends to show a 'reasonable probability' of a change 'in the near future' in the zoning ordinance or other restriction, then the effect of such probability upon the minds of purchasers generally may be taken into consideration in fixing present market value."

See: 4 Nichols on Eminent Domain, 3d ed, § 12.322(1), page 238; and 1 Orgel on Valuation Under Eminent Domain, 2d ed, § 34, page 167. This reasoning has been adopted in many other jurisdictions. See, e.g., *People v. Donovan,* 57 Cal2d 346, 19 Cal Rptr 473, 369 P2d 1 (1962); *State v. Motor Freight Terminals, Inc.,* 57 Wash2d 442, 357 P2d 861 (1960); and Anno. 9 ALR3d 291, 309.

■ The rule in Oregon has long recognized the relevancy of any competent evidence of matters tending to affect market value which would be considered by a prospective vendor or purchaser. *State Highway Com. v. Bailey et al,* 212 Or 261, 319 P2d 906 (1957).

*State Highway Com. v. Bailey,* supra, was a condemnation case in which the state sought to show that the defendant's property was specially benefited by the rights of access and crossing which would be conferred by virtue of a proposed highway project across his land. In deciding that the state was entitled to show that such special benefits would be conferred, the court held as follows, at page 307:

> "Only such benefits as are or will be the proximate result of the improvement may be considered and only such benefits as may be shown to be reasonably probable. * * *"

In addition, the following statement, discussing the value of land sought to be condemned for a highway project, appears in *State Highway Com. v. Arnold et al,* supra, at page 47:

> "In determining the present market value of property it is not improper to consider the uses to which the property can be put in the future if the prospect of such uses is more than a speculative forecast and if the probability of such future use would be reflected in the value which a present purchaser would attach to the property."

■ In making its determination the jury can consider those factors which a buyer would use in arriving at a fair market value. Where there is a reasonable probability that zoning restrictions will be altered in the near future, the jury should consider not only the uses currently permitted, but also other uses to which the property could be devoted in the event of such a change. The testimony indicated that the prospect of a change of zone was more than a mere "speculative forecast." The evidence was properly received.

The judgment of the circuit court is affirmed.