Argued July 12, affirmed August 11, 1971

OFFORD, *Appellant, v.* HOLMES ET AL,
*Respondents.*

487 P2d 881

*Robert R. Dickey,* Medford, argued the cause and filed the brief for appellant.

No appearance contra.

Before O'CONNELL, Chief Justice, and HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

PER CURIAM.

This is an appeal by the plaintiff from an order denying his objections to defendants' cost bill.

1, 2.  Following a jury verdict, a judgment was entered in favor of defendants on December 1, 1970. On the same day defendants filed a cost bill. Plaintiff's objections to the cost bill, which were originally mailed to the court, were filed with the clerk on December 7, 1970. The objections were not verified as required by ORS 20.210, and the trial court, on December 7, 1970, entered an order denying the objections. The plaintiff prepared amended verified objections and a motion requesting the court to reconsider its previous ruling. Again, however, the plaintiff mailed the motion and the amended objections to the court instead of filing them with the clerk. The court held a hearing on the plaintiff's objections, and it was disclosed at the hearing that the amended objections had not been filed with the clerk and that the time for filing objections had expired. Nevertheless, the plaintiff filed his objections, and the court heard the objections on the merits and reserved its ruling on the question of whether the amended objections should be stricken. Subsequently, the court entered an order striking the objections on the ground that the original objections were not verified and that the amended objections were not timely filed.

Plaintiff's problem was caused primarily by his mailing both the original and the amended objections to the court instead of delivering them to the clerk for filing. This case is a good illustration of the dangers inherent in such practice. It is not the responsibility of the court to file pleadings and other documents for counsel. Under ORS 20.210, the statement of costs and

disbursements and any objections thereto are required to be filed with the clerk. The plaintiff concedes that the amended objections were not timely filed. Plaintiff's contention that the time of filing the amended objections relates back to the time of filing the original objections is without merit. The original objections were not verified and were properly stricken. If there were no time limit for filing amended objections, it would be impossible to ever enter a judgment for costs and disbursements.

Affirmed.