# UNIFIED SEWERAGE AGENCY OF WASHINGTON COUNTY, *Appellant,*
## *v.*
# DUYCK, *Respondent.*
## (No. 36-238, A 7926)

576 P2d 816

John M. Junkin, County Counsel, Hillsboro, argued the cause and filed the briefs for appellant. Thomas J. Moore, Hillsboro, argued the cause for respondent. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

Before Schwab, Chief Judge, and Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

■ This is a condemnation case in which the sole factual issue was the amount of compensation to which defendant was entitled for the taking of his property. The Unified Sewerage Agency[1] alleged that the value of the subject property was $117,000. Defendant alleged that the property was worth $180,000. The verdict was for $145,000. Plaintiff appeals making three related assignments of error and defendant cross-appeals on the issue of costs and disbursements.

The condemned property lies within an unincorporated area of Washington County, adjacent to the city of Forest Grove. The location is designated in the county's comprehensive plan as a "Natural Resource Area" and it is presently zoned for farming.

■ Defendant introduced evidence of the existence of a reasonable probability that, in the near future, the subject property would be annexed to the City of Forest Grove and included in a less restrictive zone and designated land-use area. The prospect for such changes in the character of condemned land is relevant insofar as it affects the present market value of the property. *State Highway Comm. v. Carmel Est.,* 15 Or App 41, 49, 514 P2d 1124 (1973); *Highway Commission v. Oswalt,* 1 Or App 449, 463 P2d 602 (1970); *see generally* 4 Nichols The Law of Eminent Domain, § 12.322[1] (1977). Plaintiff acknowledges this rule, but variously challenges the manner in which defendant's evidence was presented.

### I

First, plaintiff contends that the trial court erred in refusing to give the following requested instruction placing the burden of proof of probable annexation on defendant:

---

[1] Plaintiff is a county service district formed pursuant to the provisions of ORS ch 451. As such, it has the power of eminent domain. ORS 451.550(3).

> "Where the landowner claims a highest and best use contrary to the legal use of the property at the time of the taking, the landowner has the burden of proof that there was a reasonable probability of said claimed use being allowed on the property within the immediate future."

3. In Oregon, pursuant to statute and contrary to the general rule,[2] the burden of proving just compensation is placed on neither party. ORS 35.305(2) provides:

> "Condemner and defendant may offer evidence of just compensation, but neither party shall have the burden of proof of just compensation."

■ Evidence of the prospect for a change in applicable land-use controls is relevant to the present market value of the property which is the measure of just compensation. Either party may provide evidence of factors which contribute to an assessment of just compensation, but neither has the burden of proof.

■ The burden in this case is the same as is normally borne by any party who relies upon a fact to provide evidence of that fact. If there is no evidence of a fact or if the jury chooses to disbelieve the evidence, then the fact is juridically nonexistent, but there is no special burden placed upon the proponent of evidence of change of land-use control which would require a special instruction.

■■ The trial court properly instructed the jury that it could consider prospective annexation and zone changes in determining the present value of the subject property only if it found a reasonable probability that such changes would occur in the near future.[3] The requested instruction was properly refused.

---

[2] *See* 4 Nichols, The Law of Eminent Domain 12-651, § 12.322[1] (1977).

[3] The court's instruction was as follows:

> "* * * You may consider only those uses to which the property is presently available by reason of a zoning ordinance or other land-use regulation.

## II

■ Plaintiff next contends that the trial court erred in permitting one of defendant's expert witness-appraisers to testify as to his opinion of what just compensation for the subject property would be after annexation. The witness testified that, in his opinion, the after-annexation value of the subject land was $224,000 and the present market value of the land was $168,000. Plaintiff argues that this was improper because the only relevant dollar figure is the fair market value of the subject property at the time of the taking. *Highway Com. v. Assembly of God et al,* 230 Or 167, 177, 368 P2d 937 (1962); *State Highway Com. v. Arnold et al,* 218 Or 43, 57, 341 P2d 1089, 343 P2d 1113 (1959). Although the probability of annexation and rezoning is relevant to present market value, plaintiff contends that testimony as to after-annexation value may have caused the jury to evaluate the property as though annexation and rezoning were already accomplished facts.

Defendant's expert described several factors which he considered in estimating the present value of the subject property. One such factor was the potential value of the property if used for residential development within the city limits of Forest Grove. The dollar amount by which the value of the land would be increased if annexed is relevant to determine the amount by which the possibility of future annexation increased the present market value of the property. The estimate of after-annexation value was relevant because the potential value affects the present value.

"If, however, you find from the evidence that there is a reasonable probability of an annexation in the near future of the property by the City of Forest Grove, and if you find from the evidence that there is a reasonable probability of a change in the near future of the zoning classification of the property by the City of Forest Grove, then the effect of such probability of change and the permissible use of the property may be taken into consideration in determining the highest and best use of the property."

We have no reason to conclude that the potential for confusion outweighed the probative value of the evidence. *See generally* McCormick, Handbook of the Law of Evidence 438, § 185 (2d ed 1972). The trial court instructed the jury that the value of the land was to be determined as of the date of taking,[4] and it properly explained the effect of probable annexation and zone change. Plaintiff's objection was properly overruled.

### III

Finally, plaintiff contends that the trial court erred in refusing to strike the opinion testimony of a defense appraiser that there was a reasonable probability that the property would be annexed and rezoned in the near future. Although the witness was qualified as an expert appraiser, plaintiff argues that no foundation had been laid with respect to his expertise on the subject of annexation.

The determination of a witness' qualification as an expert is within the trial court's discretion, *State Highway Com. v. Arnold et al,* 218 Or at 60, and we will not overturn the exercise of that discretion if there is a factual basis to support it. In view of the complex variety of land-use controls which affect the market value of land today, it is reasonable to assume that a witness who is qualified to render an opinion as to the value of land possesses at least a working knowledge of those controls and the factors which give rise to a probability that they will be changed. Generally, a witness who is qualified to give expert testimony in a general field need not demonstrate expertise in a specialized aspect of that field. *See* McCormick, Handbook of the Law of Evidence 30 (2d ed 1972).

---

[4]The court instructed the jury as follows:

"* * * [F]air cash market value is the amount of money in cash that land would bring in the open market if it were offered for sale by one who desired but was not obliged to sell and was bought by one willing but not obliged to buy. It is the actual value of the land on December 15, 1975, with all its adaptations to general and special uses, that is to be considered. However, nothing shall be allowed for speculative value or possible value based upon future expenditures and improvements. * * *"

[ 380 ]

In this case, the witness' opinion as to the probability of annexation was based upon the proximity of the subject property to the city limits, the availability of utilities and other municipal services, conversations with members of the City Planning Commission,[5] and the witness' prior experience in the appraisal business. Although, on cross-examination, the witness stated that he was not an "authority on annexation," there is a significant distinction between having expertise with respect to technical aspects of the annexation process and possessing sufficient knowledge to predict the likelihood that annexation will occur. Therefore the trial court did not err in holding that defendant's witness was qualified to express an opinion as to the latter and the jury was entitled to weigh that opinion in light of plaintiff's cross-examination. The motion to strike was properly denied.

## IV

On cross-appeal, defendant contends that the trial court erred in failing to strike plaintiff's amended objections to the costs and disbursements claimed by defendant.

When judgment was entered in this case, defendant submitted a cost bill in the proper form. Plaintiff timely filed an unverified document entitled "Objections to Defendant's Cost Bill." After the time to file objections had passed, defendant moved to strike this document because it was not verified as required by ORS 20.210.[6] After a hearing, the trial court allowed

---

[5] With respect to the propriety of an expert relying upon hearsay in forming an opinion as to the probability of future land-use, *see, Highway Commission v. Oswalt,* 1 Or App 449, 451, 463 P2d 602 (1970).

[6] ORS 20.210 provides:

"Costs and disbursements shall be taxed and allowed by the court or judge thereof in which the action, suit or proceeding is pending. No disbursements shall be allowed to any party unless he serves on such adverse parties as are entitled to notice by law, or rule of the court, and files with the clerk of such court within 10 days after the rendition of the judgment or decree, a statement showing with reasonable certainty

defendant's motion, but granted plaintiff leave to file amended objections. Plaintiff did so on the same day. Defendant then moved to strike plaintiff's amended objections because they were not timely filed. The court denied this motion and ultimately awarded costs in an amount less than defendant sought.

Generally, with leave of the court, pleadings may be amended after the initial time for filing has expired. *See, Meury v. Jarrell,* 269 Or 606, 525 P2d 1286 (1974). If the rule were otherwise, a party could foreclose judicial proceedings merely by waiting until the initial filing period had elapsed before attacking pleading defects which could be easily cured by amendment. A statement of costs and disbursements and objections thereto are subject to amendment in the same manner as pleadings in other civil cases. ORS 20.210. Lack of verification is a deficiency which may be remedied by amendment. *Dean et al v. First Nat'l Bank et al,* 217 Or 340, 341 P2d 512 (1959). Therefore, the trial court properly allowed the amendment and considered plaintiff's amended objections.

*Offord v. Holmes,* 259 Or 536, 487 P2d 881 (1971), upon which defendant relies, is not to the contrary. In that case, the Supreme Court upheld the trial court's

---

the items of all disbursements, including fees of officers and the number of miles of travel and number of days' attendance claimed for each witness, if any. The statement must be verified, except as to fees of officers. * * * A disbursement which a party is entitled to recover must be taxed whether the same has been paid or not by such party. The costs shall be entered as of course by the clerk as a part of the judgment or decree in favor of the party entitled to costs and disbursements, unless the adverse party within five days from the expiration of the time allowed to file such statement shall file his verified objections thereto, stating the particulars of such objections. Questions of law and of fact, denials of any or all of the items charged in the statement, and allegations of new matter, may be joined and included in the objections, and these shall be deemed controverted and denied by the party filing the statement without further pleading. The statement of disbursements, and the objections thereto, constitute the only pleadings required on the question, and they shall be subject to amendment like pleadings in other cases."

refusal to consider an untimely amendment to plaintiff's cost objection. Leave to amend had not been granted. *Offord* is authority for the proposition that the trial court is not required to grant leave to amend beyond the initial filing period. It does not suggest that the court is not empowered to do so.

Affirmed.