## STATE OF OREGON, by and through its
## DEPARTMENT OF TRANSPORTATION,
*Appellant,*

*v.*

## JEANS et al,
*Respondents.*

### (A8405-03100; CA A34915)

723 P2d 344

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Gary M. Bullock, Portland, argued the cause and filed the briefs for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This is a condemnation proceeding to determine the value of defendants' property.[1] Defendants own approximately 13 acres of undeveloped land that is zoned mainly for commercial development. The property is west of the Portland Airport, set back from Marine Drive and fronted by the Portland harbor. Before the condemnation, the property had two means of access, one from I-5 and one from North Marine Drive. The condemnation took a 32-foot easement, which was part of the I-5 access and eliminated that access. In their answer to the complaint, defendants alleged that just compensation for the real property taken and diminution in value to the remainder was $980,100. The jury returned a verdict for defendants in the amount of $335,000. The state (plaintiff) appeals, and we affirm.

Plaintiff makes six assignments of error, all of which relate to the court's refusal to admit testimony and exhibits which plaintiff contends would show that the highest and best use of the property would be to develop it in conjunction with adjacent land, which defendants do not own. The trial court concluded that the evidence was too speculative and remote to be admitted.

The thrust of plaintiff's argument is that potential joint development of the property is relevant to its present value and that the jury should have been allowed to consider that in its assessment of defendants' loss. The offered evidence showed that defendants had planned for joint development in the past and were hoping for it in the future. Joint development would provide the level of access that defendants contended they had lost in the taking. Under plaintiff's theory, the evidence would show, in effect, that defendants lost nothing. Plaintiff cites United States Supreme Court cases to bolster its argument that the highest and best use of property can be in conjunction with adjacent land. It argues that, although the other cases were ones where the landowners wanted to introduce evidence of joint development, nonetheless, it should be allowed to present the same evidence as a property owner is allowed to present. That argument does not

---

[1] Defendants City of Portland and Multnomah County are not parties to the appeal. Our use of the term defendants refers only to respondents.

deal with the reason why the evidence in this case must be excluded.

■ In a condemnation proceeding, either party may give evidence of factors which contribute to an assessment of just compensation. *Unified Sewerage Agency v. Duyck,* 33 Or App 375, 378, 576 P2d 816 (1978). However, the evidence must not be so speculative as to confuse or mislead the jury into considering issues beyond those properly before the court. OEC 403; *see State Highway Com'n v. Deal et al,* 191 Or 661, 673, 233 P2d 242 (1951). Although possible future development can be taken into account in valuation, *see, e.g., Annot.,* 26 ALR 3d 780 (1969), introduction of that evidence is not without limits. As noted in *Olson v. United States,* 292 US 246, 257, 54 S Ct 704, 78 L Ed 2d 1236 (1933), relied on by plaintiff:[2]

> "* * * The determination [of market value] is to be made in the light of all facts affecting the market value that are shown by the evidence taken in connection with those of such general notoriety as not to require proof. Elements affecting value that depend upon events or combinations of occurrences which, while within the realm of possibility, are not fairly shown to be reasonably probable, should be excluded from consideration for that would be to allow mere speculation and conjecture to become a guide for the ascertainment of value—a thing to be condemned in business transactions as well as in judicial ascertainment of truth. * * *"

■ Plaintiff argues that the evidence it offered was both immediate and concrete, relying most heavily on testimony from Jeans, one of defendants. In an offer of proof, plaintiff inquired into past feasibility studies done on the property and alleged admissions made by Jeans to a state appraiser that the "entire group * * * has agreed to join in the effort to put this property together" after the trial was over.[3]

In rejecting the testimony, the court stated:

> "The issue is the value, fair market value of that piece of property on May 22, 1984. It's the Court's feeling what he may

---

[2] Plaintiff also cites *United States v. Fuller,* 409 US 488, 93 S Ct 801, 35 L Ed 2d 16 (1973), and *United States v. Powelson,* 319 US 266, 63 S Ct 1047, 87 L Ed 1390 (1943). Neither assists plaintiff or us.

[3] Plaintiff argues that the testimony should have been allowed as an admission of a party. An admission can be excluded if it is not relevant. OEC 403.

intend to do could be very financially advantageous, or could be financially disastrous as far as I know, and it would be speculative to enter into that area."

We believe, under the facts of this case, that the trial court was correct. Defendants have no rights to the adjoining properties, which are in several different ownerships. A meeting of several minds would be necessary before any development project could ever become a reality. Plaintiff offered no evidence that, on the date of the taking, defendants had any binding agreement for any future development or what bearing, if any, the loss of access by defendants had on their ability to negotiate for future development. We agree with the trial court's assessment that the uncertainty as to whether development would come to fruition is not material to the issue of what value defendants' property had immediately before and immediately after the taking. Clearly, the trial court was within its discretion in refusing to allow the evidence. *See State v. Hubbard,* 297 Or 789, 797, 688 P2d 1311 (1984); *Rich v. Cooper,* 234 Or 300, 380 P2d 613 (1963).

Affirmed.