Argued and submitted December 16, 1994, affirmed April 19, 1995

CITY OF EUGENE,
a municipal corporation,
*Respondent,*

*v.*

C. W. KOKKELER, Deceased,
and Louis L. Kokkeler,
*Defendants,*

*and*

Thea M. KOKKELER,
*Appellant.*

(16-92-08091; CA A81329)

893 P2d 1054

Dorothy S. Cofield argued the cause for appellant. With her on the briefs was David B. Smith.

Jens Schmidt argued the cause for respondent. With him on the brief was Harrang Long Gary Rudnick P.C.

Before Deits, Presiding Judge, and Leeson and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant property owner appeals from the judgment in this condemnation action. We affirm.

The property involved in this case is located in an agricultural zone and is next to the Eugene Airport. The city sought to acquire the property for airport-related uses. However, under the existing zoning, defendant could conduct only agricultural uses on the property. She contends that the trial court erred in excluding certain evidence; by instructing the jury that the determination of the value of the property had to be based on its use for agriculture; and by not instructing the jury that it could take into account in determining value a "reasonably probable" future change in the zoning that would allow airport-related commercial and industrial uses.

■ Defendant relies on *Unified Sewerage Agency v. Duyck*, 33 Or App 375, 377, 576 P2d 816 (1978), a condemnation action, where we stated:

> "Defendant introduced evidence of the existence of a reasonable probability that, in the near future, the subject property would be annexed to the City of Forest Grove and included in a less restrictive zone and designated land-use area. The prospect for such changes in the character of condemned land is relevant insofar as it affects the present market value of the property. *State Highway Comm. v. Carmel Est.*, 15 Or App 41, 49, 514 P2d 1124 (1973); *Highway Commission v. Oswalt*, 1 Or App 449, 463 P2d 602 (1970); *see generally* 4 Nichols the Law of Eminent Domain, § 12.322[1] (1977)."

Defendant produced testimony by two experts that it was reasonably probable that the property could be rezoned in the near future from an agricultural to an airport designation. Hence, she argues, *Duyck* and related cases require that the jury should have been allowed to consider the more intensive uses allowable under the prospective zoning as evidence of the property's value.

The city agrees with defendant's statement of the law, but contends, in essence, that the *Duyck* principle has no bearing here. It explains:

"Viewing the * * * evidence in the light most favorable to defendant, a jury could have found that a private party could obtain the zone change which would permit airport-related development of the property by the City. But that does not address the ultimate issue: Was there evidence that it was reasonably probable that the property could be put to a higher and better use by a private purchaser within the immediate future? The record is unequivocal on that issue. There is no evidence that a private party could use the property for anything but agriculture until the City acquired the property."

Therefore, the city reasons, the abstract likelihood of less restrictive zoning is not relevant to value, because the zone changes could not have affected the permissible use of the property by anyone except the condemning body itself.

The trial court agreed with the city's assessment of the evidence. We also do. In fact, both of defendant's experts testified to the effect that the less restrictive prospective uses could be conducted only by the city. The trial court also agreed with the city's legal proposition, as do we.

In *Highway Commission v. Oswalt*, 1 Or App 449, 453, 463 P2d 602 (1970), we quoted from *State Highway Com. v. Arnold et al*, 218 Or 43, 57, 341 P2d 1089, 343 P2d 1113 (1959), to explain the rationale for the rule on which defendant relies:

"In determining the present market value of property it is not improper to consider the uses to which the property can be put in the future if the prospect of such uses is more than a speculative forecast and if the probability of such future use would be reflected in the value which a present purchaser would attach to the property."

■ ■ Thus, it is not simply the future zoning, but the future uses to which there is a reasonable probability that the property can actually be put, that is the relevant concern. A prospective zone change is significant in determining value only insofar as it can affect the permissible highest and best use of the property. In this case, the only probability that the evidence shows is that the less restrictive or non-agricultural uses that would become permissible after a zone change could only be conducted by the city. Accordingly, it was not error to

limit the jury's consideration to agricultural uses in making the value determination.

Defendant also contends that evidence of the history of the zoning of the property and of the city's earlier efforts to acquire the property was improperly excluded, because it tended to show that the city, with the cooperation of Lane County, had contrived to downzone the property and to freeze and depress its value. Defendant relies on *Dept. of Trans. v. Lundberg*, 312 Or 568, 825 P2d 641 (1992). However, for reasons that are similar to those that led the court to reject much the same argument in that case, *Id.* at 579-80, defendant's evidence and offers of proof would not support a finding that any governmental action was taken here "in order to reduce the value of the property at a time when the [city] was committed to condemning" it. *Id.* at 579. We conclude that the trial court did not err.

Affirmed.