Argued November 1, 1973, affirmed January 21, reconsideration denied February 27, petition for review denied March 19, 1974

## TURRINI, *Appellant, v.* GULICK AND STATE OF OREGON, *Respondents.*

517 P2d 1230

*John M. Biggs,* Eugene, argued the cause for appellant. With him on the brief were Allen & Biggs, Eugene.

*Dale Pierson,* Salem, argued the cause for respondent K. C. Gulick. With him on the brief were Edwin C. Goodenough, and Goodenough, Evans and Pierson, Salem.

*Donald A. Loomis,* Eugene, argued the cause for respondent State of Oregon. On the brief were Jaqua & Wheatley, Eugene.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

Plaintiff brought an action to recover for injuries sustained while riding as a passenger in an automobile which collided with a cow owned by defendant Gulick. The collision occurred on State Highway 58 in Klamath County in an area legally designated 'open range.' ORS ch 607.

The trial court sustained demurrers by both defendants. Plaintiff refused to plead further. He appeals from judgments entered for defendants.

The issues presented are: (1) Does the owner of livestock permitted to roam at large on 'open range' (ORS ch 607) owe a duty to a motorist to prevent his livestock from wandering onto a state highway? (2) Does the state owe a duty to keep the highway free of livestock in an 'open range' area? (3) Is the state immune under ORS 30.265 (2) from suit on account of its alleged failure to post signs warning motorists as to the possible presence of livestock on the highway?

The complaint alleged that defendant Gulick was negligent in placing his livestock on his lands and allowing them to roam at large in such a manner that they were "bound" to, and did in fact, end up on Highway 58; that Gulick knew his livestock habitually wandered onto the highway at the scene of the accident; and that the highway was particularly dangerous at this point if livestock were thereon. The complaint further alleged that the defendant State of Oregon, through its Highway Commission, negligently failed "to place within 11 miles of the location of said collision appropriate warning signs warning of cattle crossing or open range," and negligently failed to remove these cattle from the highway after being notified the cattle were obstructing the highway.

■■ For purposes of appeal, a demurrer admits all facts that are well pleaded. *Musgrave et ux. v. Lucas et ux.,* 193 Or 401, 408, 238 P2d 780 (1951); *Kendall v. Curl et al,* 222 Or 329, 332, 353 P2d 227 (1960). A demurrer tests the sufficiency of a complaint; therefore it will be construed most strongly against the pleader. *Musgrave et ux. v. Lucas et ux.,* supra; *Smith v. Cooper,* 256 Or 485, 512, 475 P2d 78, 45 ALR3d 857 (1970).

In *Kendall v. Curl et al,* supra, our Supreme Court held that a livestock owner in an 'open range' area

is not liable to a motorist injured by a collision with a horse upon the highway because under ORS ch 607 livestock have a right to roam at will on the 'open range.' If livestock are on the road, their owner will not be liable for "damages arising solely out of ownership and permission to run at large," for livestock have a "right to be on the road * * *." 222 Or at 337. *Kendall* further held that knowledge or appreciation of the potential harm caused by livestock wandering onto a road does not render negligent the act of turning stock out to range at large. 222 Or at 338.

■ Cases from other jurisdictions that plaintiff has brought to our attention are not applicable, because our legislature has "declared the policy of the state with regard to the rights and duties of those who keep cattle and horses." *Kendall v. Curl et al*, supra at 332. Thus, the legislature has refused to hinder the roaming of livestock in certain portions of our state. Therefore, defendant Gulick has not violated a legal duty by turning his livestock out on the open range, *Kendall v. Curl et al*, supra, and the demurrer as to defendant Gulick was properly sustained.

We now take up the possible liability of the state.

■ As to plaintiff's specification of alleged negligence that defendant state negligently failed to remove these cattle from the highway, we conclude that the 'open range' law, ORS ch 607, is a legislative determination that there is no duty to keep livestock off highways in 'open range' areas unless specifically provided. *See*, ORS 607.005 (6), ORS 607.008 to 607.051, and ORS 607.505 to 607.527. If by virtue of ORS ch 607 stock owners are under no duty to keep their cattle from wandering onto a public highway in 'open range' areas,

it necessarily follows that the state is not under any duty to remove them therefrom. Therefore we believe the state did not owe a duty to plaintiff to remove defendant Gulick's livestock from the highway, even though the state was advised of their presence on the highway "enough before the time of the accident to allow steps to be taken toward the removal of said cattle * * *."

Finally, we come to the issue whether the state is immune from suit on account of its alleged failure to post warning signs "within 11 miles of the location of said collision * * *."

■ In support of its contention of immunity defendant state relies on the provisions of ORS 30.265. ORS 30.265 provides in part:

"(2) Every public body is immune from liability for:

"* * * * *

"(d) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

"* * * * * *."

In *Smith v. Cooper,* 256 Or 485, 475 P2d 78, 45 ALR3d 857 (1970), our Supreme Court held that public officers and employes are generally immune from liability for alleged negligence in planning and designing of highways under ORS 30.265 (2) (d), and that this immunity extends to the placement of warning signs in the vicinity of the allegedly hazardous highway intersection. In *Weaver v. Lane County,* 10 Or App 281, 288-89, 499 P2d 1351 (1972) (allegedly faulty design of a highway intersection), and *Daugherty v. Highway Commission,* 13 Or App 589, 593-94, 511 P2d

408, Sup Ct *review. allowed* (1973) (automobile skidding on an icy bridge), we held that the decision to erect warning signs was a discretionary function for which there is immunity under ORS 30.265 (2) (d). Therefore we hold that there is no cause of action here for failure to post signs warning motorists as to the possible presence of livestock on the highway.

Affirmed.