Argued January 22, reversed in part and remanded for further proceedings
March 15, 1976

JOYCE et al, *Appellants,*

*v.*

CITY OF PORTLAND et al, *Respondents.*

(No. 408 212, CA 4804)

RAMSEY, *Appellant,*

*v.*

CITY OF PORTLAND et al, *Respondents.*

(No. 408 306, CA 4803)

546 P2d 1100

[ 689 ]

*Donald H. Joyce,* Portland, argued the cause and filed the briefs for appellants.

*Thomas R. Williams,* Deputy City Attorney, Portland, argued the cause for respondents. With him on the brief was John W. Osburn, City Attorney, Portland.

Before Foley, Presiding Judge, and Fort and Thornton, Judges.

FOLEY, P. J.

**FOLEY, P. J.**

Plaintiffs, owners of land situated in the city of Portland, filed complaints seeking (1) declaratory judgments, (2) judicial review, and (3) in the alternative, damages, in response to a zone change affecting their property initiated by defendant city. The circuit court sustained defendants' demurrers to plaintiffs' alternative claims for damages on the grounds that they did not state sufficient facts to constitute causes of action, overruled defendants' demurrers predicated upon misjoinder of actions, and treated the cases as before it upon writs of review. It then affirmed the validity of the zoning ordinance. We conclude that the circuit court incorrectly considered these cases upon writs of review and we remand plaintiffs' causes for further proceedings consistent with this opinion.

Defendant city rezoned approximately 842 acres of land in the northwest hills of Portland near Forest Park from low density residential use to farm and forest use on August 14, 1974. Although the record does not specify the precise number of property owners affected by the zone change, it does indicate that several dozen individuals own property in this particular area.

When a tract of land separately owned by a substantial number of individuals is rezoned as a result of a governmental evaluation of the existing land-use limitations imposed on the area, the change reflects a general policy and the action of the body is considered a legislative determination. *Culver v. Dagg,* 20 Or App 647, 532 P2d 1127, Sup Ct *review denied* (1975). Thus, the action of the city in rezoning the 842-acre tract of land was not quasi-judicial in nature, but legislative, and not subject to judicial scrutiny in a writ of review proceeding. *Culver v. Dagg,* supra; *see also Parelius v. Lake Oswego,* 22 Or App 429, 539 P2d 1123 (1975).

■ We next consider plaintiffs' contention that the court below improperly sustained defendants' demurrers to plaintiffs' alternative causes of action for damages based on an allegation that the rezoning was an unconstitutional taking of property without just compensation. We are guided by the general rule that a demurrer admits as true all facts well pleaded as well as the reasonable inferences to be drawn therefrom. *Harding v. Bell,* 265 Or 202, 508 P2d 216 (1973). A fact is not well pleaded unless it is expressed in plain and concise language. *Harding v. Bell,* supra; *see also Baker Hotel v. Employees Local* 161, 187 Or 58, 207 P2d 1129 (1949). Further, a complaint under attack by demurrer is construed against the pleader who is presumed to have stated his case as strongly as the facts allow. *Williams v. Schrunk,* 14 Or App 61, 511 P2d 1252 (1973).

In their claims for damages, plaintiffs allege both that their property "is not suitable or economically usable for agricultural purposes" and that "the soil of the area cleared sufficient to be farmed is considered poor for agricultural purposes * * *." Hence, plaintiffs tacitly admit that their property can be beneficially used for agricultural purposes, albeit not as suitably or economically as it could have been before the zone change.

■■ When a property owner can make substantial beneficial use of his property notwithstanding a zone change, the change does not constitute a taking of private property without just compensation in violation of Art I, § 18, of the Oregon Constitution. *Multnomah County v. Howell,* 9 Or App 374, 496 P2d 235 (1972); *see also HFH, Ltd. v. Superior Court of Los Angeles County,* — Cal3d ——, 125 Cal Rptr 365, 542 P2d 237 (1975). We conclude, then, that the circuit court properly sustained defendants' demurrers to plaintiffs' alternative causes of action for damages.

Inasmuch as plaintiffs' complaints include a count

for declaratory relief, it is necessary to remand for further proceedings on that count.

Reversed in part and remanded for further proceedings.