Argued July 17, reversed and remanded September 18, 1978

# RAYMOND LEE BRACKNEY, *Appellant,*
## *v.*
## CUPP, *Respondent.*
## (No. 101239, CA 10343)

584 P2d 351

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Gregory A. Parker, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

This is an appeal from a judgment sustaining a demurrer to a petition for post-conviction relief. Petitioner alleged that his plea of guilty was not voluntarily, willingly or knowingly made because it was induced by statements made by the district attorney and the circuit court during a plea bargaining discussion. The state's demurrer was sustained and the petition dismissed. We reverse.

Brackney alleged in his petition that he pled not guilty to the crime of first-degree robbery. On the second day of his trial, he moved to withdraw his not guilty plea and entered a plea of guilty. During plea negotiations just prior to the time that petitioner moved to withdraw his plea of not guilty, the district attorney stated in the presence of the circuit court judge, petitioner's attorney and petitioner that, if petitioner did not plead guilty, the district attorney would seek the imposition of a 30-year sentence. If petitioner pled guilty, however, the district attorney said he would recommend imposition of a 10-year sentence. The circuit court judge then indicated that, if petitioner pled guilty, the judge would abide by the district attorney's recommendation and sentence petitioner to a 10-year term of imprisonment.

On appeal, petitioner asserts that the trial judge's participation, following as it did closely on the heels of "threatening remarks" by the district attorney, was an improper and unconstitutionally coercive influence upon petitioner's change of plea, in violation of the Sixth and Fourteenth Amendments under the United States Constitution, and Art I, § 11 of the Oregon Constitution.[1]

For purposes of appeal, a demurrer admits as true all well-pleaded facts as well as the reasonable inferences to be drawn therefrom. *Musgrave et ux. v. Lucas*

---

[1] Petitioner makes two additional contentions on appeal which we do not reach in view of our disposition of this assignment.

*et ux.,* 193 Or 401, 408, 238 P2d 780 (1951); *Turrini v. Gulick,* 16 Or App 167, 169, 517 P2d 1230, *rev den* (1974); *Joyce v. City of Portland,* 24 Or App 689, 546 P2d 1100 (1976). Petitioner's well-pleaded allegations are that the district attorney stated he would recommend a 10-year sentence for a plea of guilty and the maximum 30-year sentence for a plea of not guilty, and the trial judge stated he would abide by the district attorney's sentencing recommendation for the guilty plea. A reasonable inference to be drawn from these facts is that the judge was, by implication, promising to impose the maximum 30-year term of punishment should petitioner persist in pleading not guilty.

It may well be that the trial judge was merely acting in a purely informational capacity, advising petitioner of the type of sentence he could expect and enabling petitioner to make a better informed decision on his plea. It also may be that the trial judge's participation in the plea negotiations, whatever his motivation, resulted in improper coercion. The point is, defendant has pled facts sufficient to raise that issue, and is entitled to have it resolved by a trial. *Cf. Brown v. Peyten,* 435 F2d 1352 (4th Cir 1970); *U.S. v. Follette,* 395 F2d 721 (2nd Cir 1968).

Reversed and remanded.