Argued and submitted February 17, affirmed July 11, reconsideration denied August 31, petition for review denied October 2, 1984 (298 Or 37)

RICHARD L. MARTIN, INC.,
*Petitioner,*

*v.*

CITY OF LAKE OSWEGO,
*Respondent.*

(83-016; CA A28694)

EL3684 P2d 28

John P. Crowell, Portland, argued the cause for appellant. With him on the brief were Charles D. Ruttan, and Morrison, Dunn, Carney, Allen & Tongue, Portland.

James M. Coleman, City Attorney, City of Lake Oswego, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

### VAN HOOMISSEN, J.

Petitioner seeks judicial review of a final order of the Land Use Board of Appeals (LUBA).

Petitioner applied for a building permit to enlarge its office building. The city issued a permit with a proviso that petitioner "grant an easement for sidewalk purposes or dedicate for sidewalk purposes five additional feet for right-of-way along the north property line." Petitioner appealed the proviso to LUBA, contending that the city's action was an unconstitutional taking of private property without compensation. It argued:

"The evidence conclusively indicated that the proposed building expansion will not cause any appreciable additional pedestrian traffic so as to merit taking of land for possible construction of a sidewalk. Therefore, the City's action exceeds the valid use of the police power and is an unconstitutional exercise of the power of eminent domain."

The city responded:

"The City validly enacted its Comprehensive Plan and that Plan required developers of land to dedicate adequate area for sidewalks."

■ The first issue is whether LUBA has jurisdiction to review a municipal land use decision that is challenged as being unconstitutional. LUBA concluded that it lacks such jurisdiction.[1] Petitioner contends, and the city now concedes, that LUBA erred in that regard. We agree. LUBA has jurisdiction for that purpose. *See* 1979 Or Laws, ch 772, section 5(4)(a)(D),(E), *as amended* 1981 Or Laws, ch 748.[2]

---

[1] LUBA stated:

"We conclude we have no power to consider the assignment of error as stated. Our power to review a local government decision for constitutional error is restricted to situations in which the local government has the authority to make the decision in the first instance. Here, the challenge is not to the procedure used by the local government, that is, whether it provided petitioner due process of law, but to whether or not the city has engaged in an unconstitutional taking of private property. A local government is not authorized to award damages for a taking or to consider a claim of taking. As a practical matter, such cases are controlled by ORS 223.005 to ORS 223.105, ORS ch. 281 and ORS ch. 35. * * * If we are to review this case, it must be on some ground found in Oregon Laws 1979, Ch. 772, as amended by Oregon Laws 1981, Ch. 748."

[2] ORS 197.835(8)(a)(E) now provides:

Reversal on this jurisdictional point would normally require a remand to LUBA for a decision on the merits. However, the constitutional theory petitioner advances is really the same as that which it espouses concerning the factual basis for the city's decision. We think one answer will do for both.

After holding that it lacked jurisdiction to consider petitioner's constitutional claim, LUBA treated the matter as an attack on the substantial evidence supporting the city's decision on its merits. LUBA reviewed the record for substantial evidence and upheld the city's decision.

LUBA found:

"We think the city adequately explained its reasons for imposing the requirement of a sidewalk or a dedication for a sidewalk on the developer. The petitioner does not challenge the city's findings or its conclusion that this is a collector street. The city code at Section 44.379(f) requires sidewalks on at least one side of the street for any collector street. Further, Section 14.020 requires sidewalks to be provided to all developments in the city. * * * Even if the sidewalk were a matter of discretion for the city, we think the city's concern about future use of the street, particularly in a developing industrial area, is sufficient reason to abide by its own code and require the dedication. * * *"

Petitioner does not contest the city's authority to require dedication of land as a condition of granting a building permit. It argues that the evidence shows that no appreciable increase in traffic would result from the proposed building expansion and that the city is unlawfully attempting to obtain its property "for possible future public use."

■        We conclude that the city has adequately demonstrated that future use requires the dedication as a condition to development. That requirement is well within the city's regulatory and constitutional authority.

Affirmed.

"In addition to the review under subsections (1), (2) and (7) of this section, the board shall reverse and remand the land use decision under review if the board finds:

"(a) The local government or special district:

"* * * * *

"(E) Made an unconstitutional decision * * *."