# STATE OF OREGON,
by and through its
## DEPARTMENT OF TRANSPORTATION,
*Appellant,*

*v.*

## SOUTHERN PACIFIC TRANSPORTATION COMPANY,
*Respondent.*

(16-82-05852; CA A37221)

749 P2d 1233

David Schuman, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James H. Clarke, Portland, argued the cause for respondent. With him on the brief were Robert E. Maloney, Jr., Charles F. Hudson, Lindsey H. Hughes, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

JOSEPH, C. J.

### JOSEPH, C. J.

In this condemnation case, the Oregon Department of Transportation (ODOT) appeals a judgment in favor of Southern Pacific Railroad (SP) for $245,733, plus $130,794.08 in attorney fees and costs and disbursements. We affirm.

SP owns a railroad right-of-way in Lane County, part of which is approximately two miles long and sixty feet wide. It lies between two streets or highways. ODOT declared that the property was needed for public use, pursuant to ORS 35.235(1); the parties failed to agree on the land's value. ODOT then began condemnation proceedings and alleged that the value of the property was $300 (later amended at trial to $1,000); SP valued the property at $640,993. The sole issue at trial was the amount of compensation. The issues on appeal involve evidentiary matters.

■  ODOT contends that the trial court erred in allowing SP to present evidence of value based on the "across-the-fence appraisal method" (ATF), because it is not a proper method of market value appraisal.[1] ODOT correctly asserts that just compensation for property is its fair market value and that alternative methods of ascertaining just compensation may be used only if there is no market for the property or if use of the market value would result in manifest injustice to either the condemnee or the condemnor. ODOT claims that ATF was not a proper alternative for two reasons: there was a market for the property and there was no showing of manifest injustice to SP, because it had abandoned use of the property. We do not agree that ATF evidence does not relate to "market value," a term that is broadly construed.

■■  "Just compensation" under Art I, § 18, Or Const, is measured by the fair market value of the property, valued at its highest and best use. "Market value" is, generally, "the amount which the land would bring if it were offered for sale by one who desired but was not obliged to sell and was bought by one who was willing but not obliged to buy." *Highway*

---

[1] The ATF appraisal method assesses the market value of separate parcels of property near and more or less similar to the condemned parcel, determines a value per square foot and applies that figure to the area of the condemned parcel; an "enhancement factor" is added to the value thus determined in order to arrive at the value of the whole as "assembled." ODOT does not raise any objection challenging *whether* SP's evidence really qualified as ATF evidence.

*Comm. v. Superbilt Mfg. Co.,* 204 Or 393, 412, 281 P2d 707 (1955). It is determined by considering any factor that might "fairly be brought forward and reasonably be given substantial weight in negotiations between the owner and a prospective purchaser." *Highway Comm. v. Superbilt Mfg. Co., supra,* 204 Or at 412.

Courts have wide discretion in ruling on the admissibility of evidence in condemnation cases. In *Highway Comm. v. Empire Building,* 17 Or App 616, 636, 523 P2d 584, *rev den* (1974), we said, quoting 5 Nichols, *Eminent Domain,* § 17.1[4] (3d ed 1969) Supp 22 (1974):

> " '[I]t is undoubtedly the fact that in passing upon the admissibility of evidence of value more is left to the discretion of the trial court than in the determination of most other issues. It follows that an exception to the admission or exclusion of evidence in a land damage case will ordinarily not be sustained except in case of manifest error.' "

ODOT does not claim that the highest and best use of SP's property is other than as a corridor or deny that SP is entitled to just compensation on the basis of its highest and best use, even though a particular use of the property had been abandoned and it was not devoted to that use at the time of the taking. *Highway Com. v. Assembly of God, et al,* 230 Or 167, 176, 368 P2d 937 (1962).

Once SP gave evidence that the highest and best use of the property is as a corridor, evidence of the ATF appraisal was proper to show the basis for the witnesses' valuation of the property at that highest and best use. It is axiomatic that an expert may state as the basis for an opinion the general data which forms the basis of judgment upon the specific observed data. *Highway Com. v. Morehouse Holding Co.,* 225 Or 62, 67, 357 P2d 266 (1960). ATF evidence was admissible to explain how the value of corridor property is determined on the market.

ODOT next contends that the court erred in allowing SP to present evidence based on reproduction costs and enhancement factors.[2] SP argues that no evidence on

---

[2] Reproduction costs are appropriate in determining just compensation when the condemnee is under a legal obligation to replace condemned property. *Bd. Higher Ed. v. 1st Meth., Ashland,* 6 Or App 492, 495, 488 P2d 835 (1971); *see also Highway Com. v. Central Paving Co.,* 240 Or 71, 77, 399 P2d 1019 (1965). SP, of course, is not under any such obligation.

reproduction costs was in fact offered. We agree. As to "enhancement," the trial court did not abuse its discretion by allowing SP's expert witnesses to testify that assembling a corridor involves substantial costs and that that is a factor which bears on the highest and best use. It is also a factor that buyers and sellers consider when negotiating a purchase price. The trial judge correctly limited the testimony to general descriptions of assembly costs without admitting specific figures, in order to avoid possible confusion with reproduction costs. The testimony was also relevant to disprove ODOT's evidence that other available property would compete with SP's corridor in the market and reduce its value. Any competent evidence of matters tending to affect market value which would be considered by a purchaser or seller is admissible. *Highway Commission v. Oswalt,* 1 Or App 449, 452, 463 P2d 602 (1970); *State Highway Com. v. Bailey, et al,* 212 Or 261, 304, 319 P2d 906 (1957).

■    ODOT's last two assignments deal with the exclusion and admission of evidence of two reports. First, it contends that the court erred in allowing SP to present evidence that ODOT had used the ATF appraisal method in acquiring property for the Banfield Expressway. The testimony was offered to establish that ODOT had itself used ATF appraisals in ascertaining the value of other corridor properties. The admissibility of evidence of transactions involving similar property is within the discretion of the trial court. *Highway Comm. v. Callahan, 242 Or 551, 553, 410 P2d 818 (1966). There was no abuse of that discretion.*

■    ODOT's last assignment is essentially a protest that the trial court acted inconsistently in allowing a report that ODOT had prepared relating specifically to the particular property as an admission against interest and in refusing to admit a report prepared by SP relating to the value of the entire 24-mile right-of-way which was prepared in connection with SP's application to the Interstate Commerce Commission for permission to abandon service. The trial court rejected the SP report as "tenuous" and potentially confusing. We cannot say, in the circumstances of this case, that the court abused its discretion.

Affirmed.