Argued and submitted September 18, 1989, affirmed March 7, reconsideration denied
June 27, petition for review pending 1990

# STATE OF OREGON,
## by and through its
# DEPARTMENT OF TRANSPORTATION,
*Respondent,*

*v.*

# LUNDBERG,
*Appellant.*

(A8801-00481; CA A50223)

788 P2d 456

John M. Keller, Portland, argued the cause for appellant. With him on the briefs was Keller & Keller, P.C., Portland.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant is the owner of property abutting S.E. 82nd Avenue in Portland, Oregon. Plaintiff brought this eminent domain proceeding to acquire a 10-foot by 100-foot strip of defendant's land for the widening of 82nd Avenue. The only issue at trial was the amount of compensation. The jury awarded defendant $200, and defendant appeals. We affirm.

Defendant filed a motion *in limine* seeking to prohibit plaintiff from introducing as evidence a Portland ordinance that requires, as a condition for obtaining a building permit, conditional use permit, zone change, partition or variance for property in the area, that the landowner dedicate a 10-foot strip of land adjacent to the street as a right-of-way that must have "a standard full width improvement, including sidewalks." Portland City Code (PCC) § 17.88.010.[1] The trial court denied the motion and allowed the ordinance in evidence, as well as testimony concerning its effect on the value of the property that plaintiff seeks to acquire.

Both parties' expert witnesses testified that they would tell potential purchasers about the dedication requirement. Plaintiff's expert testified that a knowledgeable purchaser would conclude that the disputed property had little or no value. There was also evidence, which defendant does not challenge, that another city ordinance, PCC § 33.110.010, requires a 15-foot setback from the street and that that would include the disputed 10-foot strip. In addition, several ordinances prohibit parking on a setback. PCC §§ 14.20.010, 17.28.010, 17.28.030, 33.82.010(k), 33.82.035, 33.110.020.

██ Defendant contends that the city's dedication ordinance has no relevance to the value of the property, because he has not applied for any land use approvals that would make it

---

[1] The ordinance provides in part:

"No single family, multiple dwelling, industrial or commercial building shall be constructed, or altered so as to increase its number of occupants, on property that does not have direct access by frontage or recorded easement with not less than 10 feet width of right-of-way to a street used for vehicular traffic. If such street or any other street adjacent to the property used for vehicular access for said property does not have a standard full width improvement, including sidewalks, the owner as a condition of obtaining a building permit, conditional use, zone change, land partition or variance, shall provide for such an improvement or a portion thereof as designated by the City Engineer, in accordance with provisions elsewhere in this Title."

applicable and, therefore, its impact is speculative. However, any competent evidence tending to prove an effect on market value that would be considered by a prospective buyer is relevant to the issue of value in an eminent domain case. *State Highway Com. v. Bailey et al,* 212 Or 261, 319 P2d 906 (1957); *Dept. of Trans. v. Southern Pacific Trans. Co.,* 89 Or App 344, 348, 749 P2d 1233, *rev den* 305 Or 671 (1988). There was expert testimony that the ordinance would affect the market value. Accordingly, the ordinance and testimony assessing its impact was relevant.

Defendant next argues that the ordinance is unconstitutional as an uncompensated taking of property, in violation of the Fifth and Fourteenth Amendments and Article I, section 18, of the Oregon Constitution. We agree that, if the ordinance is unconstitutional, that could affect its admissibility because, if it is not enforceable, it would not be relevant to value.

■    Defendant first contends that the ordinance is unconstitutional on its face. We conclude that it is not. The mere enactment of an ordinance does not constitute a taking, unless it "denies an owner economically viable use of his land." *Keystone Coal Association v. DeBenedictis,* 480 US 470, 495, 107 S Ct 1232, 94 L Ed 2d 472 (1987); *Joyce v. City of Portland,* 24 Or App 689, 692, 546 P2d 1100 (1976). In *Richard L. Martin, Inc. v. City of Lake Oswego,* 69 Or App 170, 173, 684 P2d 28, *rev den* 298 Or 37 (1984), we held that a sidewalk dedication ordinance, similar to the Portland ordinance, was not unconstitutional. Defendant has not shown that the ordinance deprives him of an economically viable use of his property. The evidence is that, even without the sidewalk dedication requirement, defendant could not have developed this property because the city's 15-foot setback ordinance would preclude development.

■    Defendant also argues, relying on *Nollan v. California Coastal Commission,* 483 US 825, 107 S Ct 3141, 97 L Ed 2d 677 (1987), that the ordinance constitutes an unconstitutional taking, because it conditions the issuance of building permits on the requirement that property be dedicated for right-of-way purposes. However, analysis of the city's ordinance under *Nollan* is premature. Under *Nollan,* it is necessary to consider

whether the government's requirement would advance a legitimate state interest and whether there is a sufficient relationship between the governmental requirement and the impact of the private development of the property. 483 US at 836-37. That analysis, however, requires consideration of the specific effect of a development. As defendant acknowledges, he has not undertaken or proposed any new development on his property. Therefore, at this time, it is not possible to analyze the relationship between the governmental interests advanced by the ordinance and development of the property, because we do not know what the impact of the development of defendant's property would be. Defendant's abstract reliance on *Nollan* does not affect either the evidentiary weight of the ordinance or its admissibility, in the absence of any demonstration that it could not be applied constitutionally to any defined present or future facts.

Defendant also argues, relying on *United States v. Virginia E. & P. Co.,* 365 US 624, 635-36, 81 S Ct 784, 5 L Ed 2d 838 (1960), that, even if the ordinance is constitutional, it was inadmissible, because evidence that property has declined in value because of the threat of condemnation cannot be used in establishing the property's value in a condemnation proceeding. As explained by the United States Supreme Court in *Virginia E. & P. Co.:*

> "[I]t would be manifestly unjust to permit a public authority to depreciate property values by a threat [of construction of a government project] and then to take advantage of this depression in the price which it must pay for the property * * *." 365 US at 636.

In this case, it was not the condemnor state's action that reduced the value of the property; it was the *city's* ordinances that had that effect.

Affirmed.