Argued and submitted October 5, affirmed November 3, 1999, petition for review
denied February 8, 2000 (329 Or 650)

Paul PIPER,
*Appellant,*

*v.*

Warren SCOTT,
Jacqueline Scott,
and State of Oregon,
*Respondents.*

(97-11-38420; CA A103798)

988 P2d 919

Ronald D. Schenck argued the cause and filed the brief for appellant.

David C. Baum argued the cause for respondents Warren Scott and Jacqueline Scott. With him on the brief was Mautz Baum & O'Hanlon, LLP.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent State of Oregon. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and John T. Bagg, Assistant Attorney General.

Before Landau, Presiding Judge, and De Muniz and Linder, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiff initiated this personal injury action for damages resulting from a motor vehicle collision with a steer that had wandered onto the highway in an open range area. Plaintiff named as defendants both the owners of the steer, Warren and Jacqueline Scott, and the State of Oregon. He alleged that the Scotts were negligent in permitting their steer to wander onto the highway and that the state was negligent in failing to warn drivers that livestock might do so. The trial court granted the Scotts' motion to dismiss the claim against them. It also granted the state's motion for summary judgment and dismissed the claim against the state. Plaintiff appeals, challenging the dismissal of his claims. We affirm.

Plaintiff first argues that the trial court erred in dismissing his claims against the Scotts, because he alleged a legally sufficient claim for negligence in failing to control the movement of their steer onto the highway. The Scotts contend that the trial court correctly dismissed plaintiff's claim against them because, under Oregon law, an owner of livestock is not liable to a motorist injured by a collision with the livestock in an open range area. Plaintiff acknowledges that such is the current state of the law, but he argues that we should depart from it and hold that livestock owners in open range areas are subject to the same liability as livestock owners outside of open range areas.

In *Kendall v. Curl*, 222 Or 329, 353 P2d 227 (1960), the Oregon Supreme Court held that, although the trend in other jurisdictions is to the contrary, livestock owners in an open range area of this state are not liable to motorists injured when the livestock wander onto a highway. The court held that, as part of Oregon's common law that derives from ancient English law, livestock have a right to be on roads located in open range areas and that owners cannot be held liable in negligence for permitting them to wander onto such roads. *Id.* at 336-37. This case is squarely controlled by the Supreme Court's decision in *Kendall*, and the trial court did not err in following it.

■ Plaintiff next argues that the trial court erred in entering summary judgment in favor of the state because the state is not the owner of the steer and thus cannot claim the benefit of the common-law immunity for damage caused by livestock on the open range. The state argues that, under our decision in *Turrini v. Gulick*, 16 Or App 167, 517 P2d 1230 (1974), it, too, is not liable for damage caused by a collision with livestock in an open range area.

In *Turrini*, we addressed whether the state can be held liable for damages caused by motorist collisions with livestock that wander onto a highway located in an open range area. We noted that, if, as the Supreme Court held in *Kendall*, livestock have the right to wander onto highways in open range areas, then "it necessarily follows that the state is not under any duty to remove them." *Turrini*, 16 Or App at 170-71. We further held that the state could not be held liable for failing to post signs to warn motorists of the possibility of collision with livestock in open range areas because the placement of warning signs is a matter committed to the discretion of the state. *Id.* at 171-72.

Plaintiff argues that *Turrini* was wrongly decided and should be overruled. In particular, he contends that our holding as to the state's discretionary immunity for highway signs cannot be squared with the Oregon Supreme Court's decision in *Little v. Wimmer*, 303 Or 580, 589, 739 P2d 564 (1987), in which he contends the court held that the state cannot rest on a "non-decision" regarding its duty to maintain safe highways.

Accepting plaintiff's reading of *Little* for the sake of argument, the fact remains that the state offered uncontradicted testimony in support of its motion for summary judgment that it maintained a policy of not posting open range warning signs in a given area unless it received complaints or accident reports indicating possible dangers posed by livestock crossing the highway. That policy was based on the nature of open range areas and the lack of information about precisely where livestock are likely to cross a highway. Thus, the state's policy cannot fairly be characterized as mere inaction, because it has been shown to be a product of discretionary decision making.

Plaintiff contends that, if *Kendall* and *Turrini* protect livestock owners and the state from liability, then he has been deprived of a remedy for his injury in violation of Article I, section 10, of the Oregon Constitution. As to livestock owners, however, injured motorists never have had a right of action for collisions with livestock wandering onto a highway in open range areas. Article I, section 10, does not guarantee a remedy for a right that plaintiff never had. *Hale v. Port of Portland*, 308 Or 508, 518, 783 P2d 506 (1989). As to the state, *Turrini* does not hold that the state is absolutely immune from liability for all harm resulting from a collision with livestock in an open range area. Plaintiff therefore has not been completely deprived of a remedy against the state. *Hale*, 308 Or at 518-24.

Plaintiff asserts other arguments in support of his appeal, which we reject without further discussion.

Affirmed.