No. 371 June 5, 2024 35

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jesica GALLIGHER
and Roxanne Stout,
*Plaintiffs-Appellants,*

*v.*

MEADOW ACRES ANGUS RANCH, LLC,
*Defendant-Respondent,*
*and*
Ted RICKARD,
*Defendant.*

Umatilla County Circuit Court
21CV03613; A178239

Eva J. Temple, Judge.

Submitted September 6, 2023.

Wade P. Bettis and Wade P. Bettis, P.C., Ph.D. filed the briefs for appellant.

Brent H. Smith filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Plaintiffs filed this negligence action to recover damages they sustained after their vehicle collided with a cow that had escaped its pasture and wandered onto Interstate 84 in Umatilla County. Plaintiffs appeal the limited judgment of dismissal, assigning error to the trial court's decision to grant summary judgment in favor of defendant, Meadow Acres. We affirm.

The parties agree that there is no factual dispute and, therefore, we review the trial court's grant of summary judgment to determine whether defendant was entitled to prevail as a matter of law. ORCP 47 C; *Phillips v. State Farm Fire and Casualty Co.*, 302 Or App 500, 505, 461 P3d 1008 (2020).[1]

Oregon is an "open range" state; that is, except in areas where the legislature has provided otherwise, "livestock may lawfully be permitted to run at large." ORS 607.005(6). In creating open range law, the legislature "has seen fit to treat public highways specifically and at length." *Kendall v. Curl et al*, 222 Or 329, 333, 353 P2d 227 (1960). Moreover, the legislature understood that "permission to range cattle at large would include within designated open-range lands those lands traversed by roads and highways." *Id.* at 335. Thus, except where the legislature has provided otherwise, "cattle and horses have a right to be on the road" and, therefore, "their owner is not negligent in allowing them on the road." *Id.* at 337; *see also Piper v. Scott*, 164 Or App 1, 3, 988 P2d 919 (1999), *rev den*, 329 Or 650 (2000) (explaining that the trial court did not err in following *Kendall*, which held that, in Oregon, "livestock have a right to be on roads located in open range areas and that owners cannot be held liable in negligence for permitting them to wander onto such roads" (citing *Kendall*, 222 Or at 336-37)).

Plaintiffs appear to argue that because they alleged a common-law negligence theory, their case is not foreclosed by Oregon's open range statutes. But "the legislature has entered the field" and "declared the policy of the state"

---

[1] We reject without further discussion defendant's argument that plaintiffs did not adequately raise the issues before us to preserve them for appeal.

regarding the duties imposed on livestock owners. *Kendall*, 222 Or at 332. Thus, unless a plaintiff "charges [something] improper under open-range conditions" established by the legislature, "there is no breach of a duty, hence no fault, and no liability." *Id.* at 338.

Plaintiffs further argue that, even if the open range statutes control in this case, ORS 607.527 makes it unlawful for defendants to allow their livestock to run at large on Oregon's interstates. Plaintiffs read that statute too broadly. ORS 607.527 provides that:

> "notwithstanding the existence of an open range area, * * * no person * * * shall drive, herd, pasture, graze, range, tether or stake any livestock * * * within the boundaries of the right of way for a state highway that is part of the national system of interstate and defense highways, to wit: Interstate 5, Interstate 84, or Interstate 82."

As we have already mentioned, livestock are "permitted to run at large" in areas designated by the legislature as "open range." ORS 607.005(6). The collision between plaintiffs' vehicle and Meadow Acres' cow occurred in an area legislatively designated "open range." ORS 607.527 operates as an exception to the open range rule when livestock are "drive[n], herd[ed], pasture[d], graze[d], range[d], tether[ed] or stake[d]" within the right of way. Those words clearly require an intention to have the animal within the right of way itself. Even if the word "range" might be ambiguous when read in isolation, its meaning for purposes of ORS 607.527 is clarified by the list of verbs in which it is used.

The legislative history of Senate Bill (SB) 389 (1963), which became ORS 607.527, supports that reading. Leonard Lindas, Chief Counsel, Highway Department, testified before the Senate Highways Committee, and explained that

> "this bill stops the herding, driving, and pasturing of livestock on the national system of interstate and defense highways. * * * [T]hese highways are fenced by the state, and the state maintains the fences, so there should be no objection along the line that someone would be involved because a fence was down as this would be Highway Dept. responsibility."

Minutes, Senate Highways Committee, SB 389, April 8, 1963.[2] ORS 607.527 thus does not remove Interstate 84 from Oregon's open range law entirely; it instead prohibits intentionally placing livestock within the Interstate 84 right of way that would otherwise be subject to open range law. And because there is no dispute that Meadow Acres did not intentionally place its cows on Interstate 84, ORS 607.527 simply does not apply.

Finally, plaintiffs argue that fencing near the incident transformed what might have been an open range area into something other than open range, and defendant's failure to maintain that fencing was negligent. We rejected a similar argument in *Kendall*, concluding that erecting a fence in an open range area does not impose "a duty to fence wisely." 222 Or at 338. We likewise reject plaintiffs' argument here.

Because defendant owed no duty to plaintiffs under Oregon's open range law, plaintiffs' negligence claim against Meadow Acres failed, and Meadow Acres was entitled to prevail as a matter of law. The trial court did not err in granting defendant's motion for summary judgment.

Affirmed.

---

[2] We quote from the minutes "because no audio recording is available." *Wright v. Turner*, 354 Or 815, 823 n 5, 322 P3d 476 (2014).